1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARTHUR MILTON COLSON,

11                    Petitioner,              No. CIV S-10-2674 MCE EFB P

12          vs.

13   R. BARNES,

14                    Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  On February 28, 2011, petitioner filed a motion to stay the petition while he

18   exhausts his claims in state court.  Dckt. No. 8.  Respondent moved to dismiss the petition for

19   failure to exhaust on March 23, 2011.  Dckt. No. 12.  Petitioner opposes the motion to dismiss,

20   again requesting that the case be stayed while he exhausts his claims in the California Supreme

21   Court.  For the reasons that follow, the undersigned finds that the petition does not qualify for a

22   stay under applicable law and that the motion to dismiss should therefore be granted.

23   **I.     Exhaustion**

24          A district court may not grant a petition for a writ of habeas corpus unless the petitioner

25   has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be

26   deemed to have waived the exhaustion requirement unless the state, through counsel, expressly

                                              1

1    waives the requirement.  28 U.S.C. § 2254(b)(3).

2         Exhaustion of state remedies requires that petitioners fairly present federal claims to the

3    highest state court, either on direct appeal or through state collateral proceedings, in order to give

4    the highest state court "the opportunity to pass upon and correct alleged violations of its

5    prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations

6    omitted).  "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in

7    state court unless he specifically indicated to that court that those claims were based on federal

8    law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by, 247 F.3d 904 (9th Cir.

9    2000).  "[T]he petitioner must make the federal basis of the claim explicit either by citing federal

10   law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations

11   omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas

12   corpus must include reference to a specific federal constitutional guarantee, as well as a

13   statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to

14   exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting

15   claims under the United States Constitution").

16        Petitioner filed two state habeas petitions (one in Shasta County Superior Court and one

17   in the Court of Appeal for the Third Appellate District), but sought the California Supreme

18   Court's review only through his direct criminal appeal.  Resp.'s Mot. to Dism., Docs. Lodg. In

19   Supp. Thereof (hereinafter "Lodged Docs.") Nos. 1-7.  Thus, the court need only look at the brief

20   petitioner filed with the California Supreme Court in his direct appeal to determine whether he

21   has fairly presented the claims raised in the instant petition to that court.  In that brief, petitioner

22   argued that his conviction violated a California statute (barring double punishment for a single

23   act) as interpreted by the California Supreme Court and that the trial court erroneously denied

24   petitioner's motion to dismiss a strike under the state's recidivist sentencing scheme.  Lodged

25   Doc. No. 2.  The sole federal claim petitioner raised was an argument that, in failing to grant his

26   motion to dismiss a strike, the trial court had deprived him of due process.  *Id.* at 24-25.

1    In the instant petition, petitioner raises the following claims: (1) that his right to be free

2  from double jeopardy was violated because he was punished twice for a single act; (2) that his

3  right to due process was violated because he was given a greater sentence than the legislature

4  intended; (3) that his right to due process was violated because he was coerced to plead guilty;

5  and (4) cumulative error.  Dckt. No. 1 at 4-5.  None of these claims were included in his petition

6  for review to the California Supreme Court.[1]  Accordingly, the petition is entirely unexhausted

7  and must be dismissed unless a stay is appropriate.

8  **II.    Stay**

9    In some circumstances, a petitioner may obtain a stay of a federal petition where the

10  petition contains both unexhausted and exhausted claims or where the petitioner seeks to add

11  currently unexhausted claims to a fully exhausted petition.  *See, e.g., Rhines v. Weber*, 544 U.S.

12  269 (2005); *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009).  Where the federal petition raises

13  solely claims that have not been exhausted, however, the petition should be dismissed.  *Coleman*

14  *v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal

15  habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of

16  his federal claims."); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Raspberry v. Garcia*, 448

17  F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains

18  only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it

19  may simply dismiss the habeas petition for failure to exhaust."); *Jiminez v. Rice*, 276 F.3d 478,

20  481 (9th Cir. 2001).

21    In this case, petitioner concedes that he has not exhausted any of the claims contained in

22  his federal petition in the California Supreme Court as required by § 2254(b)(1).  Petitioner

23

24    [1] Petitioner's multiple-punishment claim in his appeal to the California Supreme Court
25  was based solely on California Penal Code § 654 and *People v. Kellett*, 63 Cal.2d 822 (1966).
   Lodged Doc. No. 2 at 1-4, 8-17.  Neither authority implicates federal law, and petitioner did not
26  refer to the federal Constitution's prohibition on double jeopardy or to any federal authorities in
   his state brief.

argues that a stay is appropriate under *Rhines*.  However, *Rhines* addressed the propriety of a stay only where the federal petition contained exhausted as well as unexhausted claims and did not overrule *Coleman*'s statement that a petition that is entirely unexhausted should be dismissed.  *Rhines*, 544 U.S. at 277; *see Raspberry*, 448 F.3d at 1154 ("We decline to extend that rule [of *Rhines*] to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included.").  The instant petition contains only unexhausted claims.  Accordingly, it must be dismissed under *Coleman*.  *Jiminez*, 276 F.3d at 481 ("Once [respondent] moved for dismissal, the district court was obliged to dismiss immediately, as the petition contained no exhausted claims.").

Moreover, even if the court were to apply *Rhines* here, petitioner has not shown good cause for not first exhausting the claims in the California Supreme Court, as that case requires.  *Id.*  A precise standard for determining whether good cause exists under *Rhines* has not yet been established by the U.S. Supreme Court or the Ninth Circuit.  In *Pace v. DiGuglielmo*, the Supreme Court acknowledged that a petitioner's reasonable confusion about the timeliness of his state petition amounts to good cause for failing to exhaust.  544 U.S. 408, 416-17 (2005).  The Ninth Circuit has further clarified that, to show good cause, a petitioner need not show that extraordinary circumstances caused the failure to exhaust.  *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  However, a petitioner's mistaken impression that his counsel had exhausted the claims in state court does not amount to good cause.  *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008).

Petitioner argues that he did not exhaust his claims because he is legally unskilled and the prison law library does not employ any persons to assist him in the filing of his petition.  Pet'r's Opp'n to Resp.'s Mot. to Dism., Dckt. No. 15, at 2-3.  As respondent points out, however, the vast majority of habeas applicants in federal court are unrepresented and legally unskilled.  If the court were to find such circumstances amounted to good cause, stays would be available to such applicants as a matter of course, rather than in "limited circumstances," as *Rhines* instructs.  For

1  that reason, the undersigned cannot conclude that lack of legal ability and assistance provide

2  good cause under *Rhines* for failure to exhaust.  *See Orozco v. Harrington*, No. 1:10-cv-01599

3  MJS HC, 2011 U.S. Dist. LEXIS 54962, *2-6 (E.D. Cal. May 23, 2011); *Andris v. Barnes*, No.

4  2:11-cv-0758 KJN P, 2011 U.S. Dist. LEXIS 41305, *6-7 (E.D. Cal. Apr. 15, 2011).

5  **III.    Recommendation**

6           Because the petition is wholly unexhausted, a stay is inappropriate and the petition

7  should be dismissed for failure to exhaust under § 2254(b)(1).  Accordingly, it is hereby

8  RECOMMENDED that:

9           1.  Petitioner's February 28, 2011 motion to stay (Docket No. 8) be denied;

10          2.  Respondent's March 23, 2011 motion to dismiss (Docket No. 12) be granted; and

11          3.  The Clerk be directed to close the case.

12          These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

18  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19  In his objections petitioner may address whether a certificate of appealability should issue in the

20  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

21  § 2254 Cases (the district court must issue or deny a certificate of appealability when it

22  enters a final order adverse to the applicant).

23  Dated:  August 9, 2011.

24

25                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE

26

5